

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

December 17, 1969

Honorable Charles A. Allen
Criminal District Attorney
Harrison County Courthouse
Marshall, Texas 75670

Opinion No. M- 540

Re: Appointment of deputy
official shorthand
reporter.

Dear Mr. Allen:

Your request for an opinion reads, in part, as follows:

"The 71st Judicial District Court has one full time Court Reporter; however, the work load in the 71st Judicial District is quite heavy and there is under consideration a request to the District Judge for the appointment of a Deputy District Court Reporter.

"QUESTION:

"Please advise in written opinion whether or not it is legal to have two court reporters for the same District Court.

"I refer you to Article 2323, V.A.C.S., which appears to leave it solely within the discretion of the District Judge as to the appointment of a Deputy District Court Reporter.

". . ."

Article 2323, Vernon's Civil Statutes, provides:

"In case of illness, press of official work, or unavoidable disability of the official shorthand reporter to perform his duties in reporting proceedings in court, the judge of the court may, in his discretion, authorize a deputy shorthand reporter to act during the absence of said official shorthand reporter, and said deputy shorthand reporter shall receive, during the time he

-2579-

> acts for said official shorthand reporter, the
> same salary and fees as the official shorthand
> reporter of said court, to be paid in the manner
> provided for the official shorthand reporter; but
> the said official shorthand reporter shall also
> receive his salary in full during said temporary
> disability to act. The necessity for a deputy
> official shorthand reporter shall be left entire-
> ly within the discretion of the judge of the
> court." (Emphasis added.)

In construing the provisions of Article 2323, supra, it was held in Attorney General's Opinion O-3643 (1941):

> "By virtue of Article 2323, supra, the neces-
> sity for a deputy official shorthand reporter is
> left entirely within the discretion of the judge of
> the court. When a deputy court reporter is ap-
> pointed by the court, said deputy reporter shall
> receive during the time he acts for said official
> shorthand reporter the same salary and fee as the
> official shorthand reporter of the court to be
> paid in the manner provided for the official short-
> hand reporter. In other words, the deputy official
> shorthand reporter shall receive the same pay as
> the official shorthand reporter for every day that
> he may be occupied in performing the duties of the
> official shorthand reporter and the amount of such
> salary should be ascertained by dividing the salary
> allowed to the official shorthand reporter by three
> hundred and sixty-five, and then multiplying the
> quotient by the number of days actually served by
> the deputy official shorthand reporter. As stated
> above, the deputy official shorthand reporter shall
> receive, during the time he acts for said official
> shorthand reporter, the same salaries and fees as
> the official shorthand reporter of said court, to
> be paid in the manner provided for the official
> shorthand reporter. . . ." (Emphasis added.)

In view of the foregoing, you are advised that it is within the sole discretion of the Judge of the 71st Judicial District as to whether a deputy official shorthand reporter should be appointed pursuant to the conditions and provisions of Article 2323. If the Judge of the 71st Judicial District determines the necessity of a deputy shorthand reporter because of illness, press of official work, or unavoidable disability of the official

shorthand reporter, the deputy shorthand reporter shall draw the same compensation as that paid the official shorthand reporter for the period of time served by the deputy.

### S U M M A R Y

Under the provisions of Article 2323, Vernon's Civil Statutes, the appointment of a deputy official shorthand reporter is entirely within the discretion of the judge of the court; and if he determines that such appointment is necessary because of illness, press of official work, or unavoidable disability of the official shorthand reporter, the deputy shorthand reporter shall draw the same compensation as that paid the official shorthand reporter for the period of time served by the deputy.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Sam Jones
Earl Hines
Rex White
Bill Craig

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant